IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VANTAGE POINT TECHNOLOGY, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. _____ | |
| § | | |
| MEDIATEK USA, INC., § | **JURY TRIAL DEMANDED** | |
| § | | |
| Defendant. § | | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vantage Point Technology, Inc. ("Vantage Point") alleges the following for its complaint against Defendant MediaTek USA, Inc.

**THE PARTIES**

1. Plaintiff is a corporation formed under the laws of the State of Texas having its principal place of business at 719 W. Front Street, Suite 244, Tyler, Texas 75702.

2. Defendant is a corporation formed under the laws of the state of Delaware with a principal place of business at 5914 West Courtyard Drive, Ste 400, Austin, TX 78730. Defendant may be served with process via its registered agent CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

**JURISDICTION AND VENUE**

3. This is a patent infringement action.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

4. The Court has personal jurisdiction, because Defendant has availed itself of the rights and benefits of this District by conducting business in this jurisdiction, including by

promoting products for sale via the internet, which is accessible to and accessed by residents of this District.  Defendant is also registered to do business in the State.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d) and §1400(b), because substantial acts of infringement have occurred in this District.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 5,463,750

6. On October 31, 1995, U.S. Patent No. 5,463,750 (the "'750 Patent") entitled "Method and Apparatus for Translating Virtual Addresses in a Data Processing System Having Multiple Instruction Pipelines and Separate TLB's for each Pipeline" was duly and legally issued by the United States Patent and Trademark Office.  The application for the '750 Patent was filed on November 2, 1993 and originally assigned to Intergraph Corporation.  A true and correct copy of the '750 Patent is attached as Exhibit A hereto.

7. Plaintiff is the sole and exclusive owner of all right, title, and interest in the '750 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '750 Patent.  Plaintiff also has the right to recover all damages for past, present, and future infringement of the '750 Patent and to seek injunctive relief as appropriate under the law.

8. Defendant has directly infringed, either literally or by equivalents, one or more claims of the '750 Patent by making, having made, using, selling, offering for sale and/or importing products that satisfy each and every limitation of one or more claims of the '750 Patent, including at least Claim 1.  Such products include at least any and all chipsets with dual/quad (multi-core) ARM Cortex A7 or dual ARM Cortex A9s core processor designs.  Upon information and belief, the accused chipset products include at least the MT6572, MT6577, MT6589, MT8125/8389, MT8135, and MT8377.

9. Defendant's manufacture, sales, offers to sell, and/or importation of the accused products was unauthorized, without the permission of Plaintiff, and constitutes infringement under 35 U.S.C. §271 for which it is directly liable.

10. As a result of Defendant's direct infringement, Plaintiff Vantage Point has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 6,374,329

11. On April 16, 2002, U.S. Patent No. 6,374,329 (the "'329 Patent") entitled "High Availability Super Server" was duly and legally issued by the United States Patent and Trademark Office. The application for the '329 Patent was filed on February 19, 1997 and originally assigned to Intergraph Corporation. A true and correct copy of the '329 Patent is attached as Exhibit B hereto.

12. Plaintiff is the sole and exclusive owner of all right, title, and interest in the '329 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '329 Patent. Plaintiff also has the right to recover all damages for past, present, and future infringement of the '329 Patent and to seek injunctive relief as appropriate under the law.

13. Defendant is directly infringing and has directly infringed, either literally or by equivalents, one or more claims of the '329 Patent by making, having made, using, selling, offering for sale and/or importing products that satisfy each and every limitation of one or more claims of the '329 Patent, including at least Claim 1. Such products include at least any and all chipsets with big.LITTLE ARM processor designs. Upon information and belief, the accused chipset products include at least the MT8135.

14. Defendant's manufacture, sales, offers to sell, and/or importation of the accused products is unauthorized, without the permission of Plaintiff, and constitutes infringement under 35 U.S.C. §271 for which it is directly liable.

15. As a result of Defendant's direct infringement, Plaintiff Vantage Point has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendant has directly infringed, either literally or by equivalents, the '750 Patent and the '329 Patent;

B. Award Plaintiff damages for Defendant's infringement in an amount to be determined at trial, including enhanced damages, costs, and pre and post-judgment interest; and

C. Award any other relief deemed just and proper.

November 21, 2013                                Respectfully submitted,


                                                /s/ Paul V. Storm
                                                Paul V. Storm
Texas State Bar No. 19325350
Sarah M. Paxson
Texas State Bar No. 24032826
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
(214) 999-3000
pvstorm@gardere.com
spaxson@gardere.com

**COMPLAINT FOR PATENT INFRINGEMENT**                                                              **Page 5**